**SIMMSAVER TECHNOLOGY, INC., d/b/a Compu Circle; Ronda Hajeer; and Jehad Hajeer, Plaintiffs,**

v.

**SERMAX CORPORATION; Yzhak Rubin, Individually and as Officer and Agent for Sermax Corporation, Defendants.**

No. 94–1240–PFK.

United States District Court, D. Kansas.

July 6, 1994.

Joseph H. Cassell, Cassell & Lower, Wichita, KS, for plaintiffs.

Charles E. Millsap, Fleeson, Gooing, Coulson & Kitch, Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

On June 20, 1994, plaintiffs SimmSaver Technology, Inc., d/b/a Compu Circle, Ronda Hajeer, and Jehad Hajeer (Hajeer) filed this suit against Sermax Corporation and Yzhak Rubin, individually and as an officer and agent for Sermax Corporation. The complaint states jurisdiction is proper in this court based upon diversity of citizenship, 28 U.S.C. § 1332(a). The dispute arises out of defendants' alleged tortuous interference with plaintiffs' business relationships and is related to a contract entered into by Rubin and Hajeer.

This matter came before the court on June 24, 1994, on plaintiffs' application for temporary restraining order and motion for preliminary injunction. After hearing the parties' arguments, the court made findings and announced its decision to deny plaintiffs' application for temporary restraining order and to stay proceedings. The court now enters this memorandum and order in accordance with that decision.

On January 19, 1994, Rubin and Hajeer entered into a shareholders agreement, thereby creating Sermax Corporation. According to the agreement, Rubin was to issue 40% of Sermax's stock to Hajeer. In consideration for the stock, Hajeer was to develop certain computer-related products and transfer all rights, titles, and patents to those products to Sermax. The shareholders agreement also provides in part:

[Section 1(c).] Upon the expiration of a three months period commencing on the date hereof, [Hajeer] shall have a one-time right to rescind the transfer of the Rights to the Company, except that the Company shall continue to have a nonexclusive right to use the Right thereafter (the "Rescission"). In the event of the occurrence of the Rescission (i) the Company shall distribute to [Hajeer] an amount equal to 40% of the profits realized by it for the period commencing on the date hereof and ending on the date of Rescission, and (ii) [Hajeer] shall return to the Company the Shares issued to him pursuant to Section 1(a) hereof.

. . . .

Section 3. *Non–Compete Agreement.* To induce each Shareholder to enter into this Agreement, so long as each Shareholder owns his or her Shares, and for a period

of one (1) year thereafter (the "Non–Compete Period"), no shareholder shall anywhere in the North America area, directly or indirectly, ... compete with the Business of the Company.

. . . .

Section 9. *Law Governing.* The construction and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within the State of New York and without giving effect to principles of conflicts of law.

(Complaint, Ex. A.)

Hajeer rescinded the agreement pursuant to section 1(c), as evidenced by letters mailed by certified mail, return receipt requested, on April 11, 1994, to Rubin and Sermax. These letters, however, were returned as unclaimed. On April 18, 1994, the letter rescinding the agreement was faxed to Sermax. On April 20, 1994, Hajeer was served with a lawsuit filed on April 18, 1994, by Rubin, on behalf of Sermax, in the Supreme Court of the State of New York, County of New York. Sermax's complaint alleges six causes of action against Jehad Hajeer and Hajeer Engineering, Inc., doing business as Compu Circle, including breach of covenant not to compete, unfair competition, breach of fiduciary duty, and breach of contract.

The Supreme Court of the State of New York set a hearing on Sermax's motion for temporary restraining order and preliminary injunction on April 21, 1994. Hajeer failed to appear at that hearing and the court entered a preliminary injunction which states in part:

a. preliminarily enjoining defendant Hajeer, on his own behalf or through any affiliates, subsidiary or other entity, from competing, directly or indirectly, with the business of Sermax;

b. preliminarily enjoining defendants from using, in any manner whatsoever, the raw material, finished goods or designs, developed by and for Sermax, for any purposes not authorized by Sermax;

c. preliminarily enjoining defendants from soliciting or contacting, directly or indirectly, Sermax's manufacturers, suppliers, representatives or other entities for the purposes of developing, ordering or otherwise doing business with any entity affiliated with Hajeer or his companies;

Hajeer's attorney then filed a motion to dismiss for lack of proper service, lack of jurisdiction, and inadequacy of notice of the hearing upon which the temporary injunction issued. This motion was denied. On or about May 17, 1994, Rubin filed a cross-motion to hold defendants in contempt, which led the New York trial court to find Hajeer in contempt, *in absentia,* for competing with Sermax. On or about June 21, 1994, Sermax moved to add Ronda Hajeer and SimmSaver Technology, Inc. as parties to the New York action.

Hajeer currently works for SimmSaver Technology, Inc. (STI), a company established by his wife Ronda. STI provides many computer-related products and services. According to plaintiffs' complaint, Rubin and Sermax have: (1) contacted a critical provider of certain raw materials to STI and told it to stay away from Hajeer, characterizing him as dishonest; (2) convinced an industry advertising agency to deny advertising space to STI because of its association with Hajeer; (3) contacted a potential representative for STI products and dissuaded him from serving as such; and (4) faxed copies of the New York trial court's temporary injunction to numerous customers and business contacts of Ronda Hajeer and STI, with threats to take legal action against any person who does business with them.

The complaint sets forth three causes of action: (1) interfering with legitimate business relationships of STI—brought by STI and Ronda Hajeer as president and principal stockholder of STI; (2) Jehad and Ronda Hajeer claim they have been slandered by Rubin and Sermax; and (3) Ronda Hajeer and STI allege they have been rendered substantially unable to conduct business, for which there is no remedy at law, and therefore they request injunctive relief. In addition to a sum in excess of $50,000.00, plaintiffs pray for an injunction prohibiting Rubin and Sermax from contacting business entities or otherwise interfering with the legitimate

activities of STI. In her affidavit, Ronda Hajeer states STI's product could become antiquated within not more than six months, thereby limiting STI's opportunity to market goods and profit from sales.

The Kansas Supreme Court has stated:

Injunction is an equitable remedy and its grant or denial in each case is governed by the principles of equity. The granting or denial of an injunction is discretionary.... To warrant injunctive relief it must clearly appear that some act has been done, or is threatened, which will produce irreparable injury to the party seeking such relief. The burden of proof in an injunction action is upon the petitioner to sustain the allegations of its petition.

*U.S.D. No. 503 v. McKinney*, 236 Kan. 224, 226–27, 689 P.2d 860 (1984).

■ In order for the court to issue a preliminary injunction, a movant must make a prima facie showing of the following: (1) the injunction would not be adverse to the public interest; (2) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) the movant will suffer irreparable injury unless the injunction issues; and (4) there is a substantial likelihood that the movant will prevail on the merits. *Amoco Oil Co. v. Rainbow Snow, Inc.*, 809 F.2d 656 (10th Cir.1987) (citing *City of Chanute v. Kansas Gas and Elec. Co.*, 754 F.2d 310, 312 (10th Cir.1985)).

This case presents the additional issue of whether this court should exercise jurisdiction when a State of New York trial court has already issued a preliminary injunction that would conflict with plaintiffs' proposed temporary restraining order. At the hearing on this matter, defendants raised the abstention doctrine. " 'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervail-

ing interest.' " *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959)).

The Supreme Court has established three general categories of cases in which abstention is appropriate. First, "[a]bstention is appropriate 'in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of a pertinent state law.' " *Colorado River*, 424 U.S. at 814, 96 S.Ct. at 1244 (quoting *County of Allegheny*, 360 U.S. at 189, 79 S.Ct. at 1063). "Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar." *Id.* (citing *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959)). "Finally, abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings," nuisance proceedings, or state tax collection. *Id.* 424 U.S. at 816, 96 S.Ct. at 1245 (citations omitted).

■ Just as in *Colorado River*, the case under consideration does not fall within any of these three categories. This dispute originates with a contract and plaintiffs allege defendants have committed various torts. Therefore, no federal constitutional issue is presented. The state law questions presented are not difficult and do not involve "policy problems of substantial public import." Nor does this suit involve state criminal, nuisance, or tax collection proceedings. This case, like *Colorado River*, however, is governed by principles relating to the contemporaneous exercise of concurrent jurisdictions by state and federal courts. This court must consider five factors when determining whether to consider plaintiffs' motion for preliminary injunction or to stay proceedings in this court. These factors are: (1) whether one court first assumed jurisdiction over property involved

in the action; (2) whether the federal forum is inconvenient; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; and (5) whether federal law provides the rule of decision on the merits. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246; *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 23, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

 Here, neither court has assumed jurisdiction over property. This forum is no more inconvenient for Rubin and Sermax than the New York court is for Hajeer. Thus, the last three factors are the most important considerations. Taken in reverse order, federal law will not provide the rule of decision on the merits. In both suits state law applies. By agreement, the contract dispute filed in New York is governed by the laws of the State of New York. This court has jurisdiction over the tort action filed here due to diversity of citizenship, not because it presents a federal question. The New York trial court obtained jurisdiction nearly two months prior to plaintiffs filing suit here. That court has heard the parties' motions and entered orders, and therefore the New York suit has progressed much beyond this one.

Finally, if this court entertains plaintiffs' motion for preliminary injunction, it will lead to piecemeal litigation. The New York trial court has entered a preliminary injunction against Hajeer, Hajeer Engineering, Inc., and Compu Circle enjoining them from competing against Sermax. That court has also found Hajeer in contempt for violating its injunction. Hajeer now comes to this court seeking an injunction to enjoin Sermax and Rubin from using the New York court's injunction to their advantage. If this court issued such an injunction, it would be in direct conflict with the New York court's injunction. In essence, plaintiffs are asking this court to review the decisions made by the New York trial court.

Rubin came to Kansas to negotiate the Sermax shareholders agreement, and therefore the court finds it has jurisdiction over this dispute. Although New York state law governs the shareholders agreement, this court is capable of applying the state law of any state, not just the laws of the State of Kansas. The court, however, finds the factors discussed above weigh in favor of staying the proceedings before it. Hajeer's remedies lie in filing a counterclaim in New York and appealing adverse decisions made by the New York trial court.

Plaintiffs argue that SimmSaver and Ronda Hajeer are not currently parties to the New York action and that the suit here is based on tort claims, while the New York suit is based on contract. The court notes SimmSaver appears to be a successor of Hajeer's old company. Furthermore, the parties and issues in the two proceedings need not be identical in order for this court to stay proceedings before it while a related suit goes forward in another court. *Landis v. North American Company*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936).

IT IS ACCORDINGLY ORDERED this 6th day of July, 1994, that plaintiffs' application for temporary restraining order and motion for preliminary injunction (Dkt. No. 6) is denied.

IT IS FURTHER ORDERED that these proceedings are stayed pending the disposition of the case before the Supreme Court of the State of New York, County of New York.